IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CLIPPER BULK SHIPPING LTD.,

        Plaintiff,

v.

MICHIGAN SALT PRODUCTS LLC,

        Defendants.

Case No.:
Hon.:

### PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD

Plaintiff-Petitioner CLIPPER BULK SHIPPING LTD. ("CLIPPER") brings this petition to confirm a foreign country arbitration award against Defendant-Respondent MICHIGAN SALT PRODUCTS LLC ("MICHIGAN SALT") pursuant to M.C.L. §691 *et seq* under the Michigan Uniform Arbitration Act ("MUAA") and 9 U.S.C. § 207 under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, as enacted 9 U.S.C. § 201 *et seq.* (the "New York Convention"), as follows:

### JURISDICTION AND VENUE

1. The MUAA is applicable to all arbitration agreements made on or after its effective date of July 1, 2013. M.C.L. §§ 691.1683(1). "A party to such an arbitration may request a court to enter an order confirming an arbitration ward." M.C.L. §§ 691.1683(2), 691.1685(1), and 691.1702.

2. "An arbitration award is subject to the New York Convention when it arises out of a legal relationship that is considered commercial and is not entirely between two United States citizens." *Satyam Computer Servs., Ltd. v. Venture Glob. Eng'g, LLC*, No. 06-CV-50351-DT,

1

2006 WL 6495377, at *2 (E.D. Mich. July 13, 2006), *aff'd*, 233 F. App'x 517 (6th Cir. 2007) (citing 9 U.S.C. § 201 and affirming district court's order of enforcement); *see also* 9 U.S.C. § 202 (providing "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction or agreement described in section 2 of this title, falls under the [New York] Convention.") Furthermore, "Title 9 of the United States Code § 207 specifically grants jurisdiction to district courts over recognition and enforcement of foreign arbitration awards under the New York Convention." *Id.* (citing 9 U.S.C. § 207). The United States and the United Kingdom are signatories to the New York Convention. 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 3. The enacting legislation of the New York Convention is codified at 9 U.S.C. §§ 201-208, and Michigan district courts have subject matter jurisdiction to entertain recognition actions under the New York Convention. 9 U.S.C. § 203.

3. The final arbitration award underlying CLIPPER's Petition (the "Award") was rendered in London and, hence, is not a "domestic" award. A true and correct copy of the Award dated May 4, 2022 is annexed as **Exhibit A**. Here, the dispute underlying the parties' arbitration involve precisely the types of commercial disputes, decided definitively in binding arbitration awards, covered by the New York Convention.

4. Jurisdiction is proper as the subject matter involves an arbitration award arising from non-domestic commercial transactions. M.C.L. § 691.1706 and 9 U.S.C. §§ 201-208.

5. Venue is proper in this Court as it involves entities and property in Michigan. M.C.L. § 691.1707 and 9 U.S.C. § 204.

## PARTIES

6. CLIPPER is a bulk cargo shipping company which charters ocean-going vessels from time to time to carry its cargoes. CLIPPER has its principal place of business in Copenhagen, Denmark, at Sundkrogsgade 19, 2100 Copenhagen, Denmark.

7. Upon information and belief, MICHIGAN SALT was a limited liability company, with a registered address of 1120 S. Lapeer Road, Suite 200, Oxford, Michigan 48371. MICHIGAN SALT members included Andrew Lindamood and Samantha Lindamood. MICHIGAN SALT dissolved on December 10, 2021. Upon information and belief, Andrew Lindamood and Samantha Lindamood maintain the citizenship of the State of Michigan. A true and correct copy of the MICHIGAN SALT 2020 Annual Statement reflecting this address, signed by Mr. Andy Lindamood on October 30, 2020, and filed with the Michigan Secretary of State is annexed as **Exhibit B**.

8. As described in further detail below, MICHIGAN SALT was the registered owner of three parcels of real property in Michigan: Parcel 09-33-351-003 [669 Brown Rd, Orion, MI 48359] ("Parcel No. 1")**,** Parcel 09-33-351-030 [657 Brown Rd, Orion, MI 48359] ("Parcel No. 2"), and Parcel 09-33-351-031 [647 Brown Rd, Orion, MI 48359] ("Parcel No. 3") (collectively the "Properties").

## BACKGROUND

9. The at issue arbitration concerned a dispute arising out of a Charterparty dated September 30, 2018 between CLIPPER, the disponent owners[1] of *MV NAESS INTREPID* (the

---

[1] The term "disponent owner" is a term "often used loosely to describe anyone who charters a ship to another." 1 ROBERT FORCE ET AL., ADMIRALTY & MARITIME LAW (1st ed. 2008).

3

"Vessel"), and MICHIGAN SALT, the charterers of the vessel under the Charterparty (the "Charterers"), on the NYPE 1993 Form, as amended between the parties.

10. On January 15, 2019, CLIPPER appointed Mr. Allen as arbitrator.

11. On January 28, 2019, MICHIGAN SALT appointed Mr. Aston as arbitrator.

12. Both CLIPPER and MICHIGAN SALT were represented by counsel during the arbitration.

13. On February 21, 2019, CLIPPER served the arbitration Claim Submissions on MICHIGAN SALT. A true and correct copy of CLIPPER's Claim Submissions is annexed as **Exhibit C.**

14. On August 16, 2021, over two and a half years after selecting arbitrators and over two years after receiving the CLIPPER's Claim Submissions, a warranty deed was executed by Samantha Lindamood of MICHIGAN SALT to convey the Properties from MICHIGAN SALT to an entity named "ISLAND SIX HOLDINGS, LLC" ("ISLAND SIX") for the consideration of one-dollar (the "Warranty Deed"). A true and correct copy of the Warranty Deed is annexed as **Exhibit D.**

15. ISLAND SIX is a Michigan limited liability company which was established by Andy Lindamood on or about April 15, 2021. A true and correct company of the ISLAND SIX Articles of Organization filed on April 15, 2021 is annexed as **Exhibit E**. As can be seen by the ISLAND SIX corporate filing, its registered address (1120 S. Lapeer Road, Suite 200, Oxford, Michigan 48371) is identical to that of the address of MICHIGAN SALT.

16. Upon information and belief, ISLAND SIX was created solely or partially for the purposes of receiving assets conveyed by MICHIGAN SALT.

17. Upon information and belief, ISLAND SIX was created solely or partially for the express purpose of defrauding CLIPPER and frustrating CLIPPER's efforts to recover on the Award.

18. On October 28, 2021, the Warranty Deed was recorded and certified by the Oakland County Treasurer's Office to certify that there are no delinquent property taxes as of the date owed to its office on the property in question.

   a. Upon information and belief, Parcel No. 1 has 2022 winter state equalized value of $53,470.

   b. Upon information and belief, Parcel No. 2 has 2022 winter state equalized value of $22,860.

   c. Upon information and belief, Parcel No. 3 has 2022 winter state equalized value of $61,140.

A true and correct copy of current tax property profiles on the Properties is annexed as **Exhibit F**.

19. Upon information and belief, MICHIGAN SALT received unreasonable, inadequate, or no consideration for the execution of the Warranty Deed and the purported conveyance of the Properties to ISLAND SIX.

20. Upon information and belief, Samantha Lindamood of MICHIGAN SALT executed the Warranty Deed to convey its interest in the Properties to ISLAND SIX with the actual intent to hinder, delay, and defraud MICHIGAN SALT's creditors, including CLIPPER, and to prevent CLIPPER from executing upon the Properties to satisfy anticipated Award.

21. Upon information and belief, ISLAND SIX accepted conveyance of MICHIGAN SALT's interest in the Properties with knowledge of the pending arbitration and with the intent to prevent CLIPPER from executing upon the Properties.

22. The Warranty Deed and related transfer of the Properties was not disclosed in the arbitration, or to the arbitrators, prior to the transfer.

## DEMAND FOR PAYMENT OF THE AWARD

23. On November 19, 2021, counsel for CLIPPER emailed counsel for MICHIGAN SALT demanding payment of the Tribunal's reversed deductions totaling $150,354.23 plus legal costs. Counsel for MICHIGAN SALT responded by email stating the firm no longer represented MICHIGAN SALT, and instructing CLIPPER's counsel to contact MICHIGAN SALT directly, and providing MICHIGAN SALT's new contact information as Mr. Scott Lord of an entity named "MICHIGAN BULK LLC." A true and correct copy of the aforementioned exchange of communications is annexed as **Exhibit G**.

24. Upon information and belief, MICHIGAN BULK is a Michigan limited liability company with a familiar registered address: 1120 S. Lapeer Road, Suite 200, Oxford, Michigan 48371. MICHIGAN BULK's registered agent is Andrew Lindamood. Like ISLAND SIX, MICHIGAN BULK was organized in early 2021 (May 11, 2021) during the pending CLIPPER / MICHIGAN SALT arbitration. A true and correct copy of the MICHIGAN BULK 2022 Annual Statement reflecting this address, as well as its date of incorporation, and signed by Mr. Andrew Lindamood on January 14, 2022, and filed with the Michigan Secretary of State is annexed as **Exhibit H**. Upon information and belief, MICHIGAN BULK was created by its members to act as a successor to take over the prior operation of the unofficially liquidated MICHIGAN SALT.

25. On December 7, 2021, during the pending arbitration and only 18 days after receiving an email from CLIPPER's counsel demanding monies owed in connection with the pending arbitration claims, MICHIGAN SALT filed a certificate of dissolution and subsequently was dissolved three days later. A true copy of the MICHIGAN SALT Certificate of Dissolution is attached hereto as **Exhibit I.**

26. On May 4, 2022, the London arbitration panel issued an award in favor of CLIPPER and against MICHIGAN SALT in the following amounts:

   a. The Principal Sum of $150,354.23 (one hundred and fifty thousand three hundred and fifty four dollars and 23/100 cents) plus interest on the Principal Sum at a rate of 4% per annum, compounded at three monthly rests, for the period from December 6, 2018 until the date of payment of the Principal Sum, which amount (as of December 6, 2022) will total $25,947.92, for a collective amount of $176,302.15;

   b. Recoverable costs at £13,165.35 (at current exchange rates $15,008.50), together with compound interest on such costs at a rate of 4% per annum, compounded at three monthly rests from the date of the Award until the date of payment, which amount (as of December 6, 2022) will total $15,364.62; and

   c. Costs of the Award in the sum of £6,126.00 (at current exchange rates $6,983.64), together with compound interest on such costs at a rate of 4% per annum, compounded at three monthly rests from the date of the Award until the date of payment, which amount (as of December 6, 2022) will total $7,195.25.

27. MICHIGAN SALT has refused or otherwise failed to make full payment, or any payment for that matter, pursuant to the Award.

28. MICHIGAN SALT has not taken an appeal of the Award. Thus, the Award is final and conclusive between the parties and is capable of enforcement.

29. The balance due on the Award, excluding recoverable costs, compound interest, costs of arbitration, and costs accrued, is $150,354.23.

30. Both the United Kingdom and the United States are parties to the New York Convention. The New York Convention provides that a Court in a nation that is a party to the New York Convention must recognize and enforce the Award as a domestic judgment, if it is timely made, and if none of the few designated reasons mentioned in Article V of the New York Convention for non-recognition are present.

31. This application is timely as it was made within the three-year time period permitted under 9 U.S.C. § 207. The MUAA does not impose a time limit on when a party must seek to confirm an award. M.C.L. § 691.1702.

32. Upon information and belief, none of the designated reasons listed in Article V of the New York Convention for non-recognition can in good faith be raised by MICHIGAN SALT.

33. CLIPPER, having obtained the Award against MICHIGAN SALT as aforesaid, seeks confirmation thereof by this Court and entry of judgment thereon in order for CLIPPER to execute against MICHIGAN SALT's fraudulently-conveyed Properties, as specifically delineated above, and any other assets and/or property of MICHIGAN SALT (held by MICHIGAN SALT, its members and/or successors in interest) that may be found at a later date up and to the full amount of the Award to be issued after confirmation.

**WHEREFORE**, on behalf of Plaintiff-Petitioner CLIPPER BULK SHIPPING LTD., it is respectfully requested that this Court enter an Order as follows:

I. Confirming the Award and that this Court direct therein that judgment be entered in favor of Plaintiff-Petitioner CLIPPER BULK SHIPPING LTD. against Defendant-Respondent MICHIGAN SALT PRODUCTS LLC in the amount as provided for in the Award, a breakdown of which is as follows:

   a. The Principal Sum of $150,354.23 (one hundred and fifty thousand three hundred and fifty four dollars and 23/100 cents) plus interest on the Principal Sum at a rate of 4% per annum, compounded at three monthly rests, for the period from December 6, 2018 until the date of payment of the Principal Sum, which amount (as of December 6, 2022) will total $25,947.92, for a collective amount of **$176,302.15**;

   b. Recoverable costs at £13,165.35 (at current exchange rates $15,008.50), together with compound interest on such costs at a rate of 4% per annum, compounded at three monthly rests from the date of the Award until the date of payment, which amount (as of December 6, 2022) will total **$15,364.62**; and

   c. Costs of the Award in the sum of £6,126.00 (at current exchange rates $7,195.25), together with compound interest on such costs at a rate of 4% per annum, compounded at three monthly rests from the date of the Award until the date of payment, which amount (as of December 6, 2022) totals **$7,195.25**.

II. Awarding Plaintiff-Petitioner CLIPPER BULK SHIPPING LTD. interest from the date of this Court's judgment until the date of payment at the rate allowed by law;

III. Awarding Plaintiff-Petitioner CLIPPER BULK SHIPPING LTD. its legal fees and costs incurred in bringing this action; and

IV. Awarding Plaintiff-Petitioner CLIPPER BULK SHIPPING LTD. any other relief as this Court may deem just and proper.

Dated: December 12, 2022          **CLIPPER BULK SHIPPING LTD.**

By: /s/ *Trisha M. Rich*
     One of its Attorneys

Trisha M. Rich (P70710)
HOLLAND & KNIGHT LLP
150 North Riverside Plaza
Suite 2700
Chicago, Illinois 60606
Tel.: (312) 263-3600
Fax: (312) 578-6666
trisha.rich@hklaw.com
*Attorneys for Plaintiff*