UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIPPER BULK SHIPPING, LTD.

       Plaintiff,

    v.

MICHIGAN SALT PRODUCTS, LLC,

       Defendant.

_____/

Case No. 22-13007

Hon. George Caram Steeh

ORDER DENYING EX PARTE MOTION
TO ATTACH PROPERTIES (ECF NO. 2)

Plaintiff Clipper Bulk Shipping, Ltd., filed this action to confirm an arbitration award against Defendant Michigan Salt Products, LLC. Simultaneously, Plaintiff filed an ex parte motion to attach certain properties formerly owned by Michigan Salt and to enjoin the current owner, Island Six Holdings, LLC, from transferring the properties pending resolution of this matter. Plaintiff alleges that Michigan Salt fraudulently conveyed the properties to Island Six (an allegedly affiliated company) for one dollar to avoid paying the arbitration award. Michigan Salt has since dissolved.

The execution of judgments is governed by Federal Rule of Civil Procedure 69, which provides: "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution –

-1-

must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Michigan Court Rule 2.621 provides the applicable procedure:

> (A) Relief Under These Rules. When a party to a civil action obtains a money judgment, that party may, by motion in that action or by a separate civil action:
> (1) obtain the relief formerly obtainable by a creditor's bill;
> (2) obtain relief supplementary to judgment under MCL 600.6101–600.6143 and
> (3) obtain other relief in aid of execution authorized by statute or court rule.

M.C.R. 2.621 (emphasis added). The statute governing relief supplementary to judgment provides that if the judgment debtor's interest in or title to real property "is disclaimed by the judgment debtor or disputed by another person," and if "the person claiming adversely to the judgment debtor is not a party to the proceeding, *the court shall by show cause order or otherwise cause such person to be brought in and made a party thereto, and shall set such proceeding for early hearing.*" M.C.L. § 600.6128 (emphasis added).

Pursuant to M.C.L. § 600.6128, Plaintiff is not entitled to ex parte relief. To adjudicate Plaintiff's fraudulent transfer claim, due process requires that Island Six must be made a party to this action. *Estes v. Titus*, 273 Mich. App. 356, 383-84 (2006), *aff'd in part, vacated in part*, 481 Mich. 573 (2008); *Daws Excavating, LLC v. Camp Retreats Found.*, 2018 WL

842900, at *5 (Mich. App. Feb. 13, 2018) ("[T]he joinder of the allegedly fraudulent transferee in a judgment debtor's supplementary collection proceedings under MCL 600.6128 is necessary to afford the transferee due process while litigating its and the creditor's interest in the disputed property."); *Presidential Facility, LLC v. Pinkas*, 607 Fed. Appx. 473, 474-75 (6th Cir. 2015).

Plaintiff relies upon M.C.R. 3.103(B), which permits a writ of attachment to be issued ex parte under limited circumstances, and only when "after diligent effort the plaintiff cannot serve the defendant with process." Although Michigan Salt, as a dissolved entity, cannot be served with process, the property at issue is titled in the name of Island Six. Plaintiff has not alleged that Island Six cannot be served. *See also* M.C.L. §600.4001 (attachment statute); M.C.L § 566.37 (providing that an attachment is a remedy for a fraudulent conveyance "against the asset transferred or other property of the transferee *if available under applicable law"*).

Plaintiff also relies upon the Uniform Voidable Transactions Act, which permits a creditor to void a fraudulent asset transfer from a debtor. M.C.L. § 566.31 *et seq.* Remedies under the UVTA include attachment "if available under applicable law" and injunctive relief. M.C.L. § 566.37.

-3-

Plaintiff cites no authority, however, for the proposition that the court may enjoin a non-party from transferring his property without notice or an opportunity to be heard.

Because the requirements for an attachment remedy have not been met, and that court is not persuaded that ex parte injunctive relief is otherwise appropriate against a non-party, IT IS HEREBY ORDERED that Plaintiff's motion is DENIED.

Dated: December 15, 2022

s/George Caram Steeh
George Caram Steeh
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 15, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk