UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIPPER BULK SHIPPING, LTD.

    Plaintiff,

v.

MICHIGAN SALT PRODUCTS LLC,
MICHIGAN BULK LLC,
ISLAND SIX HOLDINGS LLC,
ANDREW LINDAMOOD, and
SAMANTHA LINDAMOOD,

    Defendants.
_____/

Case No. 22-13007

Hon. George Caram Steeh

ORDER DENYING PLAINTIFF'S
AMENDED *EX PARTE* MOTION TO
ATTACH CERTAIN PROPERTIES (ECF NO. 7)

Before the court is Plaintiff's second *ex parte* motion to attach certain properties. Plaintiff filed this action to confirm an arbitration award against Defendant Michigan Salt Products, LLC. Simultaneously, Plaintiff filed an *ex parte* motion to attach certain properties formerly owned by Michigan Salt and to enjoin the current owner, Island Six Holdings, LLC, from transferring the properties pending resolution of this matter. Plaintiff alleges that Michigan Salt fraudulently conveyed the properties to Island Six (an allegedly affiliated company) for one dollar to avoid paying the arbitration award. Michigan Salt has since dissolved.

- 1 -

Initially, Plaintiff sued only Michigan Salt. The court denied Plaintiff's first motion to attach properties owned by Island Six because it determined that Plaintiff was not entitled to *ex parte* relief under Michigan's attachment rule and that it was not appropriate to enjoin a non-party without notice or an opportunity to be heard. ECF No. 6. In response, Plaintiff has amended its petition to confirm the arbitration award to add Michigan Bulk LLC, Island Six, Andrew Lindamood, and Samantha Lindamood as defendants. Plaintiff has also filed an amended *ex parte* motion to attach certain properties owned by Island Six.

Plaintiff makes two *ex parte* requests. First, it seeks attachment of certain properties under Michigan Court Rule 3.103(B)(1). As the court explained in its previous order, however, Plaintiff has not met the requirement for *ex parte* relief under that rule. ECF No. 6 at PageID 496 (*ex parte* relief available only "after diligent effort the plaintiff cannot serve the defendant with process").

Second, Plaintiff seeks an *ex parte* temporary restraining order preventing Defendants from transferring properties pending resolution of its claim under the Uniform Voidable Transactions Act. "The only type of injunctive relief that a district court may issue *ex parte* is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650

(6th Cir. 1993); Fed. R. Civ. P. 65(b). According to Federal Rule of Civil Procedure 65(b), the "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if:*

>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.* (emphasis added). These "stringent restrictions . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

The Sixth Circuit has explained that "[t]he normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *Depinet*, 11 F.3d at 650. It also described "another limited circumstance for which the district court may proceed *ex parte*: where notice to the defendant would render fruitless further prosecution of the action." *Id.*

Here, although Plaintiff has added the parties it wishes to restrain as defendants, it has not complied with Rule 65(b) and made the required showing that *ex parte* relief is appropriate. Plaintiff has neither demonstrated that it faces "immediate and irreparable injury" nor has it explained the reasons why notice should not be required. This showing is necessary *before* the court addresses whether injunctive relief is warranted. *See Depinet*, 11 F.3d at 652 (abuse of discretion to grant *ex parte* relief when the plaintiff did not comply with Rule 65(b)); *Versah, LLC v. Ul Amin Indus.*, 2020 WL 6198472, at *3 (E.D. Mich. Oct. 22, 2020) (denying *ex parte* relief because the plaintiff "failed to present sufficient evidence that providing notice to Defendants 'would render fruitless further prosecution'").

Plaintiff may proceed in this matter either by making the showing required by Rule 65(b) or by serving a motion for injunctive relief on Defendants and allowing them an opportunity to respond. Because Plaintiff has done neither, its *ex parte* motion (ECF No. 7) is DENIED.

Dated: January 9, 2023

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE