UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIPPER BULK SHIPPING,

        Plaintiff,

   v.

MICHIGAN SALT PRODUCTS, LLC, et al.,

        Defendants.

_____/

CASE NUMBER 22-13007

HON. GEORGE CARAM STEEH

## SCHEDULING ORDER

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Initial Disclosures | May 8, 2023 |
| Lay Witness Lists | August 1, 2023 |
| Exhibit Lists | August 1, 2023 |
| Plaintiff Expert List/Report | October 2, 2023 |
| Defendant Expert List/Report | November 1, 2023 |
| Discovery (Fact and Expert) | December 1, 2023 |
| Dispositive Motions/Expert Motions | January 2, 2024 |
| Final Pretrial Order & Motions in Limine due: | To be set after ruling on dispositive motions |
| Final Pretrial Conference: | To be set after ruling on dispositive motions |
| Bench Trial Date: | To be set after ruling on dispositive motions |
| Estimated Length of Trial | 3-5 days |

I.        Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II.       DISCOVERY.   This Court will not order discovery to take place subsequent to the discovery cutoff date.   Parties may agree to extend the discovery and dispositive motion deadlines including an explanation for the request, by submitting a proposed stipulated order to the Court.   The Court may adjust the remaining dates accordingly.   Local Rule 26.2 generally prohibits filing discovery materials with the Clerk.   Violation of this rule may result in sanctions.

The court adheres to the model order relating to the discovery of electronically stored information (ESI) and expects the parties to follow the model order at their Rule 26(f) discovery conference, if applicable.

III.      WITNESSES.   The deadline for exchange of witness lists refers to all witnesses, lay and expert.

IV.      DISPOSITIVE MOTIONS.   When filing motions for summary judgment, parties shall proceed in accordance with the following:

    A.    Before filing a motion for summary judgment or responding to such a motion, the parties are urged to familiarize themselves with <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986), and <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).   An excellent summary of these cases appears in <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472 (6th Cir. 1989). <u>See</u> also Schwarzer, <u>Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact</u>, 99 F.R.D. 465 (1984).

    B.    Facts stated in the statement of material facts <u>must</u> be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits.

    C.    Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well established legal principles.   Instead, counsel should focus their analysis on a few well chosen cases, preferably recent and from controlling courts.   Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of the cases <u>must</u> be submitted along with the brief.

    D.    A party must obtain leave of court to file more than one motion for summary judgment.   For example, a challenge to several counts of a complaint generally must be in a single motion.   Local Rule 7.1(b)(2)

    E.    A courtesy copy of all pleadings exceeding 20 pages is required (with exhibits securely fastened).

V.       STIPULATION FOR MEDIATION must be submitted by the date set. Referral to mediation panel will be made following receipt of the stipulation.

VI.      ORAL ARGUMENT ON MOTIONS. Attorneys who do not respond to motions in a timely fashion will not be permitted to argue before the Court during oral argument.

VII.     FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER. A Final Pretrial Conference will be scheduled after ruling on dispositive motions as well as a deadline for Motions in Limine and a Final Pretrial Order. Following is the procedure counsel are to utilize to prepare for the final pretrial conference and the final pretrial order:

    A.    Counsel for all parties are directed to confer <u>in person (face to face) at their earliest convenience</u> in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph and (3) exchange documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of other counsel to respond to plaintiff's counsel and to offer their full cooperation and assistance. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his or her duty to communicate with the Court. Counsels' meeting shall be had sufficiently in advance of the date of the scheduled Conference with the Court so that counsel for each party can furnish all other counsel with a statement of the real issues the party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party. <u>Counsel for plaintiff then will prepare a draft final pretrial order and submit it to opposing counsel, after which all counsel will jointly submit[i] the proposed order by electronic filing on the date fixed for submission</u>. All instructions contained within this order <u>must</u> be followed carefully; they will be binding on the parties at trial. If there are any pending motions requiring determination in advance of trial,[ii] they should specifically be called to the Court's attention not later than the date of submission of the final pretrial order.

        The final pretrial order should provide for the signature of the Court, which, when signed, will become an Order of the Court. <u>A PAPER JUDGE'S COPY IS TO BE SUBMITTED TO CHAMBERS IMMEDIATELY AFTER E-FILING</u>.

        <u>The proposed pretrial order shall strictly comply with the provisions and requirements of Local Rule 16.2, except as this Court may otherwise provide</u>.

    B.    Parties shall attend the final pretrial conference along with the attorneys who will try the case. Those attorneys will familiarize themselves with the pretrial rules and will come to the conference with <u>full authority</u> to accomplish the purposes of Rule 16 (including simplifying the issues,

expediting the trial and saving expense to litigants).   Counsel shall be prepared to discuss compromise settlement possibilities at the conference without the necessity of obtaining confirmatory authorization from their clients.   Parties themselves must attend the final pretrial conference unless the Court has agreed to other arrangements <u>prior to the date of the conference</u>.

VIII.   At least <u>ONE WEEK</u> prior to beginning of trial all counsel shall furnish to the court the following:

    A.   In jury cases, any requests for <u>VOIR DIRE,</u> proposed <u>JOINT JURY INSTRUCTIONS</u> and a proposed <u>JOINT VERDICT FORM</u>.   In jury cases, the parties are hereby ordered to meet and confer prior to trial to discuss jury instructions.   **No later than one week prior to the first day of trial, the parties are to file with the court a single complete set of proposed, stipulated jury instructions and verdict form (in paper and e-mailed to Chambers or on a flash drive).**   All such instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08").   In addition, each party shall separately file any additional proposed instructions to which any other party objects.   The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

    B.   In non-jury cases, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW</u>.

    C.   A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

IX.   EXHIBITS.   Counsel are required to mark all proposed exhibits in advance of trial.   Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters.   A consecutive number and lettering system should be used by each party.   The parties are required to exchange marked exhibits three days prior to the start of trial.   Counsel are also required to maintain a record of all admitted exhibits during trial.   Counsel for each party must keep custody of that party's admitted exhibits during trial.   A party who objects to this provision must file a written objection prior to jury selection.

X.   ITEMS FILED UNDER SEAL.   Pursuant to Local Rule 5.2, items filed under seal must be retrieved by counsel within 60 days after final judgment or appellate mandate, or the Court will order such items filed in the public case file.

XI.   FILING BY ELECTRONIC MEANS - EXCEPTION TO LOCAL RULE 5.1.1.   A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and Proposed Jury Instructions (with disc)   MUST be delivered to the Court and labeled Judge's Copy.

**LR 16.2     Joint Final Pretrial Order**

**(a)     Joint Final Pretrial Order.** The parties shall furnish a joint final pretrial order in every civil case at, or if the judge requires, one week before the final pretrial conference.

**(NOTE:   THIS COURT REQUIRES THAT THE JOINT FINAL PRETRIAL ORDER BE FURNISHED <u>AT LEAST ONE WEEK BEFORE</u> THE TIME SET FOR THE FINAL PRETRIAL CONFERENCE.)**

This joint final pretrial order shall fulfill the parties' disclosure obligations under Fed.R.Civ.P. 26(a)(3), unless the Judge orders otherwise.   All objections specified in Rule 26(a)(3) shall be made in this order.   Counsel for plaintiff(s) or a plaintiff without counsel shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order.   Counsel for plaintiff(s) or a plaintiff without counsel shall compile the order.   Counsel for all parties and any party without counsel shall approve and sign the order. Counsel for plaintiff(s) or a plaintiff without counsel shall submit an original and one copy of the order to the assigned Judge for approval and adoption.   The order shall provide for the signature of the Court and, when signed and filed in the Clerk's Office, becomes an order of the Court, superseding the pleadings and governing the course of trial unless modified by further order.   The pretrial order shall not be a vehicle for adding claims or defenses.   The order will not be filed in the Clerk's Office until the Judge has signed it.

**(b)     Contents of Order.**   The joint final pretrial order shall contain, under numbered and captioned headings, the following:

   **(1)     Jurisdiction.**   The parties shall state the basis for Federal Court jurisdiction and whether jurisdiction is contested by any party.

   **(2)     Plaintiffs' Claims.**   The statement of the claim or claims of plaintiffs shall include legal theories.

   **(3)     Defendants' Claims.**   The statement of the defenses or claims of defendants, or third parties, shall include legal theories.

   **(4)     Stipulation of Facts.**   The parties shall state, in separately numbered paragraphs, all uncontested facts.

   **(5)     Issues of Fact to be Litigated.**

   **(6)     Issues of Law to be Litigated.**

   **(7)     Evidence Problems Likely to Arise at Trial.**   Include objections to exhibits and to the use of deposition testimony, including the objections required under Fed.R.Civ.P. 26(a)(3). The order shall list all motions *in limine* of which counsel or a party without counsel should reasonably be aware.

**(8) Witnesses.** Each party shall list all witnesses whom that party will call and all witnesses whom that party may call. This listing shall include, but is not limited to, the disclosures required under Fed.R.Civ.P. 26(a)(3)(A) and (B). A party may, without further notice, call a witness listed by another party as a "will call" witness. Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed. The list shall state whether the witness is an expert and whether testimony will be offered by deposition. Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P. 37(c)(1) shall apply to a failure to list a witness.

**(9) Exhibits.**[iii] The parties shall number and list, with appropriate identification, each exhibit, including summaries, as provided in Fed.R.Civ.P. 26(a)(3)(C). Objections to listed exhibits must be stated in the joint pretrial order. Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown. The provisions of Fed.R.Civ.P. 37(c)(1) shall apply to a failure to list an exhibit.

**(10) Damages.** The parties shall itemize all claimed damages and shall specify damages that can be calculated from objective data. The parties shall stipulate to those damages not in dispute.

**(11) Trial.**

    (A) Jury or non-jury.

    (B) Estimated length of trial.

**(12) Settlement.** Counsel or a party without counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date, and state the current status of negotiations and any plans for further discussions. They may state that they wish the Court to schedule a settlement conference.

**(c) Failure to Cooperate.** For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

**(d) Filing of Trial Briefs, Findings and Instructions.** The joint final pretrial order shall further provide that trial briefs, proposed findings of facts and conclusions of law in non-jury cases shall be filed on the first day of trial.

**(NOTE:   MOTIONS IN LIMINE ARE DUE THREE WEEKS PRIOR TO TRIAL DATE.   THIS COURT REQUIRES THAT TRIAL BRIEFS, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN NON-JURY CASES, OR PROPOSED JOINT JURY INSTRUCTIONS AND A VERDICT FORM IN JURY CASES SHALL BE FILED ONE WEEK PRIOR TO THE TRIAL.**

**DEPOSITIONS MUST BE PURGED WITHIN ONE WEEK PRIOR TO TRIAL; OBJECTIONS TO DEPOSITIONS WAIVED UNLESS RAISED BY MOTION PRIOR TO TRIAL.)**

**(e)   Additional Requirements.**   A Judge, in an appropriate case, may add additional requirements to the joint final pretrial order, or may suspend application of this Rule, in whole or in part.

**(f)   Juror Costs Attributable to Parties.**   Each party shall also acknowledge that the Court may assess juror expenses under LR 38.3.

s/GEORGE CARAM STEEH<br>United States District Judge

Dated: April 11, 2023

---

i.   Counsel for plaintiff has primary responsibility for preparation of the final pretrial order and, in that respect, for its submission to opposing counsel in ample time for revision and timely filing. Nonetheless, full cooperation and assistance of all other counsel are required for proper preparation of the final pretrial order and must therefore be extended.

ii.   This includes motions in limine, disputes over specific jury instructions or the admissibility of any evidence at trial upon which the parties desire to present authorities and argument to the Court.

iii.   COMMENT:  Under LR 16.2(b)(9), any objections based on foundation or authenticity will be deemed waived if not raised before trial.

6/18

HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE
231 WEST LAFAYETTE #1067
DETROIT MI 48226
PHONE 313-234-5175   FAX 313-234-5364

CASE MANAGER: BRIANNA SAUVE

| | |
|---|---|
| **STANDING ORDERS** | Scheduling conferences held after answer filed, depending on nature of case and scheduling order issued.<br>Motion practice governed by provisions in the scheduling order. |
| **CONFERENCES** | Status conference held as needed or requested.<br>Settlement conference held upon request and as scheduled by the court prior to trial. |
| **REMOVAL** | Court will issue an order to show cause if removal appears inappropriate based upon the pleadings.   Generally no oral argument on motion to remand. |
| **MOTIONS** | Hearings held when requested by parties and/or as court determines appropriate.<br>Proposed orders are to be submitted electronically in Word format.<br>Strict compliance required with LR 7.1 and 65.1. |
| **TRO/INJUNCTION** | Court rarely grants *ex parte* requests.<br>Follow requirements in LR 7.1 and 65.1. |
| **DISCOVERY** | Additional conferences scheduled upon request.<br>Witness lists must be exchanged 30 days prior to discovery cut-off.<br>Discovery motions frequently referred to magistrate judge. |
| **MEDIATION** | Civil cases referred after discovery cut-off and parties are encouraged to stipulate in writing to be bound by mediation sanctions.   It is not necessary, however, that sanctions be included in the stipulation. |
| **PRETRIAL** | Proposed Joint Final pretrial order due one week before final pretrial conference.<br>Witnesses may only be added to final pretrial order by stipulation of parties and leave of court.   All witnesses must be listed in final pretrial order.<br>Final pretrial conference held usually two weeks prior to trial, parties and/or persons with settlement authority must be present.   Proposed jury instructions due at conference.<br>File motions *in limine* no later than three weeks prior to trial. |
| **TRIAL** | Marked exhibits are to be exchanged three (3) days prior to trial.<br>Benchbook of exhibits required.<br>If trial briefs are requested by the court, they must be filed and exchanged one (1) week prior to trial.<br>Usually held 9 am to 1 pm daily.   All persons must be PROMPT. |
| **NON-JURY** | Submit proposed findings of fact/conclusions of law, one (1) week prior to trial. |
| **JURY** | *Voir Dire* by Court and counsel.   Submit proposed *voir dire* in writing, in advance.<br>**Joint** proposed jury instructions and verdict form due **one week before trial**.<br>Judge's courtesy paper copy required and should be e-mailed to court. |
| **CRIMINAL** | Court will consider *Alford* and *nolo contendere* pleas.<br>Presentence Reports required.   Rule 11 pleas routinely taken under advisement pending court review of presentence report.<br><br>Note:  *Because of the substantial costs incurred in convening jurors, all counsel are advised that juror costs will be assessed in civil cases which settle on day of jury selection/trial.* |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Plaintiff(s),

Case No.

vs.

HON. GEORGE CARAM STEEH
United States District Judge

Defendant(s).
_____/

**<u>STIPULATED REQUEST FOR CASE EVALUATION</u>**

The undersigned hereby request that this case be referred for case evaluation to the Wayne County Mediation Tribunal.   The parties agree to be bound by the provisions of the alternative dispute resolution rule contained in Michigan Court Rule 2.403 including sanctions relating to costs and attorney fees as provided by such rule.

Dated:

<u>s/NAME OF FILING USER</u>
Attorney for _____
Firm Name (If applicable)
Street Address
City, State, Zip Code
Telephone Number
Primary Email Address
Attorney Bar No.

<u>s/ WITH CONSENT OF NAME OF FILING USER</u>
Attorney for _____
Firm Name (If applicable)
Street Address
City, State, Zip Code
Telephone Number
Primary Email Address
Attorney Bar No

<u>s/ WITH CONSENT OF NAME OF FILING USER</u>
Attorney for _____
Firm Name (If applicable)
Street Address
City, State, Zip Code
Telephone Number
Primary Email Address
Attorney Bar No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

                Plaintiff(s),

vs.                                                Case No.

                                                      HON. GEORGE CARAM STEEH
                                                      United States District Judge

                Defendant(s).
_____/

## ORDER FOR FACILITATION

The parties having agreed with the approval of the Court that this case be submitted to facilitation, IT IS ORDERED THAT:

1. _____ is appointed Facilitator in this matter.

2. The Facilitator shall be paid at the rate of $_____ per hour, with the parties dividing the costs equally.

3. The Facilitation shall take place on _____ at _____ .

4. The following persons shall be present:
   A. Attorneys in principal charge of the case;
   B. Plaintiff(s);
   C. Defendant(s);
   D. Representatives of the parties with complete settlement authority.

5. Oral or written statements made for or during facilitation by anyone are inadmissible in any evidentiary proceeding. The facilitator may not be called to testify about the facilitation.

_____        _____
Attorney for Plaintiff(s)                                          Attorney for Defendant(s)

                                                                  _____

Dated:                                                   GEORGE CARAM STEEH
                                                   United States District Judge

✎AO 85 (Rev. 8/98)   Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate

# UNITED STATES DISTRICT COURT

Eastern District of Michigan

|  |  |
|---|---|
| Plaintiff(s), | NOTICE, CONSENT, AND ORDER OF REFERENCE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE |
| vs. |  |
| Defendant(s). | Case No. HON. GEORGE CARAM STEEH |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment.   Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.   If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
|  |  |  |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____ United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____     _____
         Date                                   United States District Judge

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.